**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | §<br>§  Chapter 11<br>§ |
| Steven Siepser, | §  Case No. 26-10651-DJB<br>§ |
| Debtor. | §<br>§ |

**SETTLEMENT STIPULATION BY AND BETWEEN
UNITED STATES TRUSTEE AND STEVEN SIEPSER**

This stipulation (the "Stipulation") is entered into by and between Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), and Steven Siepser (the "Debtor" and together with the U.S. Trustee, the "Parties") and is subject only to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").  The Parties hereby stipulate the following:

**RECITALS**

**WHEREAS**, on February 19, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"),

**WHEREAS**, the Debtor is required to file preconfirmation monthly reporting (each such report, an "MOR" and collectively, the "MORs") using Official Form 425C no later than 21 days after the last day of the calendar month following the month covered by the report;

**WHEREAS**, the Debtor failed to timely file a MOR for February 2026, March 2026, and April 2026 (the "Missing MORs");

**WHEREAS**, the Debtor has not filed a single MOR in this case;

**WHEREAS,** the U.S. Trustee filed a *Motion to Dismiss or Convert Case to Chapter 7* (Docket No. 32) (the "Motion") due to the Debtor's failure to timely file the required reports;

**WHEREAS,** post-confirmation, the Debtor will be required to file Post-Confirmation Distribution Reports ("PCRs");

**WHEREAS**, in light of the foregoing, the Parties engaged in good-faith, arm's-length discussions, and as a result thereof entered into this Stipulation, which resolves the Motion without need for further motion practice and an evidentiary hearing;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

*[remainder of page left blank intentionally]*

## **STIPULATION**

1. The Debtor acknowledges the MORs for February 2026, March 2026, and April 2026 were delinquent.

2. Pre-confirmation, the Debtor shall file ongoing MORs, using Official Form 425C, no later than the 21st day after the last day of the calendar month following the month covered by the report.

3. Post-confirmation, the Debtor shall file ongoing PCRs by the 20th of the month following the end of a calendar quarter (i) using the *Office of the United States Trustee – Region 3 Post-Confirmation Quarterly Summary Report* and (ii) providing the verifications required under Local Rule 3021-1(b) until the case is closed by the Court.

4. The Debtor shall file the Missing PCRs on or before June 22, 2026.

5. The Hearing on the Motion shall be adjourned until the hearing scheduled for June 30, 2026 at 1:00 p.m. (ET) (the "Hearing").

6. If the Debtor fails to comply timely with its the obligations set forth in paragraphs 2, 3, and 4 above, the Debtor hereby agrees to dismissal of its bankruptcy case.

7. This Stipulation is subject to and conditioned upon the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation (the "Stipulation Order").

8. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

9. This Stipulation may be executed in multiple counterparts and by facsimile or by PDF attached to an email, with each such facsimile or PDF counterpart being deemed an original and constituting one original document when combined.

10. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused the

Stipulation to be duly executed as set forth below.

Dated: June 2, 2026

| United States Trustee | Debtor |
|---|---|
| By: _/s/ John Schanne_<br>John Schanne, Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>Robert NC Nix, Sr. Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>Phone: (202) 934-4154<br>Email: john.schanne@usdoj.gov<br><br>Counsel for United States Trustee | By: _/s/ Maggie Soboleski_<br>Maggie Soboleski, Esq.<br>701 Market Street<br>Suite 5000<br>Philadelphia, PA 19106<br>215-620-2132<br>Email: msoboleski@kmllawgroup.com<br><br>Counsel for Debtor |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| Steven Siepser, | § | Case No. 26-10651-DJB |
| | § | |
| Debtor. | § | |

**ORDER APPROVING SETTLEMENT STIPULATION BY AND BETWEEN
UNITED STATES TRUSTEE AND STEVEN SIEPSER**

Upon consideration of the *Settlement Stipulation By and Between United States Trustee and Steven Siepser* (the "Stipulation"),[1] and the Court having considered the Stipulation, all related filings, and the record as a whole, and this Court possessing jurisdiction over this matter and venue being proper, and notice of the Stipulation having been sufficient under the circumstances and no further notice is required, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefore; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Stipulation is APPROVED in all respects.

2. The Debtor must comply with the obligations set forth in the Stipulation.

3. The Court retains jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: _____

_____
The Honorable Derek J. Baker
United States Bankruptcy Judge

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.